**17SL-CC02688**

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **LEVI LANCASTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Number:** |
| | ) | |
| **v.** | ) | **Division:** |
| | ) | |
| **THE COOKIE PLACE, INC.,** | ) | **JURY TRIAL DEMANDED** |
| Serve at: | ) | |
| National Registered Agents, Inc. | ) | |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ADAM KLAERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION

COMES NOW Plaintiff, by and through undersigned counsel, and for his Petition, states the following to the Court:

### PARTIES

1.     Plaintiff Levi Lancaster (hereinafter sometimes referred to as "Plaintiff") was a Caucasian male employee of The Cookie Place, Inc. (hereinafter sometimes referred to as "Defendant CPI") and was subjected to severe and pervasive race discrimination, gender discrimination, retaliation, and wrongful termination by one or more agents and/or employees of Defendant CPI, including, but not limited to, Defendant Adam Klaers, (hereinafter referred to as "Defendant Klaers") and Steve Currier (hereinafter sometimes referred to as "Currier").

1

**EXHIBIT A**

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

2.      Plaintiff is a resident of the State of Illinois.

3.      Defendant CPI is a corporation in good standing in the State of Missouri.

4.      Defendant CPI conducts continuous and systematic business in the State of Missouri.

5.      Defendant CPI had six or more employees on all relevant dates contained herein.

6.      Defendant Klaers is an employee of Defendant CPI, and took over as Plaintiff's Regional Manager in December 2015 after Plaintiff's prior regional manager, Steve Currier, changed regions that same month.

7.      Defendant Klaers had the ability to exercise supervisory authority over Plaintiff during his employment with Defendant CPI.

8.      Plaintiff is under information and belief that Defendant Klaers is a resident of the State of Missouri.

**JURISDICTION AND VENUE**

9.      The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

10.     Jurisdiction and venue are proper in St. Louis County, Missouri, pursuant to RSMo. § 508.010 and § 213.111.1. Plaintiff received one Notice of Right to Sue letter from the Missouri Commission on Human Rights (hereinafter sometimes referred to as the "MCHR") on or about April 28, 2017. A copy of Plaintiff's Notice of Right to Sue from the MCHR is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

11.     Plaintiff's cause of action arises out of conduct that took place in St. Louis County, State of Missouri.

## ADMINISTRATIVE PROCEDURES

12.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

13.     On or about March 2, 2016, Plaintiff timely filed – with the MCHR and the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") – a charge of discrimination against Defendant on the basis of gender, race, and retaliation. A copy of said charge of discrimination is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

14.     On or about April 28, 2017, the MCHR issued Plaintiff his Notice of Right to Sue (see Plaintiff's Exhibit 1) related to the charge of discrimination identified in Paragraph 11 above, and this lawsuit is being filed within 90 days of the MCHR's issuance of said Notice.

15.     The aforesaid charge of discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an MCHR or EEOC investigation that could reasonably be expected to have grown out of the charges of discrimination.

16.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

17.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

18.     Plaintiff began working for Defendant CPI on or about November 11, 2014, as a General Store Manager for Defendant CPI's franchise in Fairview Heights, Illinois.

19.     Plaintiff was eventually transferred to Defendant CPI's franchise located in the St. Louis Galleria Mall, where he also served as General Manager.

20.     In or around May 2015, Plaintiff was assigned to train a new female store manager to replace him because Plaintiff was going to be transferring to Defendant CPI's franchise located in the St. Louis Galleria Mall.

21.     During said training, Plaintiff discovered the newly hired female's starting pay was approximately $2,500 more than Plaintiff's starting pay for the same job.

22.     Plaintiff brought the discrepancy to Currier, who told Plaintiff that he would eventually receive additional compensation and opportunities for advancement for transferring to the franchise located in the St. Louis Galleria Mall.

23.     Plaintiff is under information and belief that Currier's assurances never came to fruition.

24.     Plaintiff is under information and belief that he transferred to the Galleria Mall franchise in June or July of 2015.

25.     Approximately two (2) months after transferring to Defendant CPI's Galleria location, Plaintiff asked Currier if he could set up a Facebook page for the location in an effort to increase business activity and customer volume.

4

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

26.     Currier allowed Plaintiff to create said Facebook page, and Plaintiff set up a Facebook page titled "Great American Cookies St. Louis Galleria."

27.     While working at Defendant CPI's location in the Galleria Mall, Plaintiff observed other employees violate store policy by trading products with employees of other business in the mall, as opposed to making them pay for the product.

28.     When Plaintiff and other staff members attempted to correct the "product trading" by employees, he was called a "racist" and was harassed due to his Caucasian race by numerous African-American customers.

29.     The aforementioned harassment became so severe that Plaintiff and other Caucasian employees of Defendant CPI's Galleria location feared for their personal safety.

30.     Plaintiff informed the following people of the racially based harassment that he and other Caucasian employees were facing at Defendant CPI's Galleria location:

a.  Plaintiff's Regional Manager, Steve Currier;

b.  Vice President, Ron Faust; and

c.  Plaintiff's subsequent Regional Manager, Defendant Klaers.

31.     Prior to Currier transferring to a different region, Plaintiff specifically asked Currier for a "D.T.T. System" to be installed after finding out that other stores within the Galleria mall used them.

32.     Despite Plaintiff's repeated requests, Defendant CPI's Galleria location was never equipped with video cameras or a "D.T.T. System."

33.     In September of 2015, Plaintiff was assigned to train two additional female store managers.

5

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

34.     During said training, Plaintiff discovered the female store managers he was training were receiving approximately $4,000.00 more in starting pay than Plaintiff did as a store manager.

35.     Plaintiff, again, attempted to address the disparity in starting pay between himself and female store managers, and was once again told that he was being "groomed" for a higher-level position.

36.     In or around December of 2015, Currier transferred to a different region and was no longer serving as Plaintiff's Regional Manager.

37.     In or around December 2015, Defendant Klaers began serving as Plaintiff's Regional Manager.

38.     In or around December 2015, Plaintiff again attempted to address the disparity in starting pay between him and other female store managers with Defendant Klaers and other corporate employees of Defendant CPI via email.

39.     Subsequent to sending this email, the Director of Operations for Defendant CPI, David Estess ("Estess"), reached out to Plaintiff to discuss the issues Plaintiff raised in his email.

40.     Thereafter, Estess gave Plaintiff a raise of approximately $1,500.00, and told Plaintiff that he would receive an additional raise and was being considered for the higher management position of "Market Manager." Estess instructed Plaintiff to prepare a report, presentation, and interview for said position and that it would be discussed at the Managers Meeting scheduled for January of 2016 in Birmingham, AL.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

41.     David Estess also instructed Plaintiff to "cc" him to every email communication between Plaintiff and Defendant Klaers.

42.     Shortly after voicing his concerns via email and receiving his raise, Plaintiff was disciplined numerous times and put on an "action plan."

43.     Almost immediately prior to attending the managers meeting for Defendant CPI in Birmingham, AL, Plaintiff filled out an "employee survey" on January 19, 2016, and again discussed the concerns he had about wage disparity, harassment, and other issues he was experiencing as a General Manager.

44.     Despite said employee surveys typically being anonymous, Plaintiff identified himself in his employee survey so the person reviewing it would know it was him voicing the aforementioned concerns.

45.     On or about January 21, 2016, Plaintiff attended the managers meeting held by Defendant CPI in Birmingham, AL with the expectation that he would be discussing a potential promotion to Market Manager as he previously discussed with Estess.

46.     At the time of the managers meeting in Birmingham, Estess was no longer with the company, and Plaintiff was not given the opportunity to discuss the potential promotion to Market Manager.

47.     Instead, Plaintiff was told by Defendant Klaers to "keep [his] mouth shut" at the managers meeting, and that it would be detrimental to his employment if he didn't.

48.     Plaintiff is under information and belief that he returned from the managers meeting on or about January 21, 2016.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

49.     Approximately one (1) to two (2) days after returning from the managers meeting, Plaintiff engaged in the protected activity of visiting the St. Louis District Office of the Equal Employment Opportunity Commission ("EEOC") to speak with them about the harassment and discrimination he was experiencing in his employment with Defendant CPI.

50.     During his visit to the EEOC's St. Louis District Office, Plaintiff was given an "intake questionnaire" to complete.

51.     Plaintiff is under information and belief that he mailed the completed intake questionnaire back to the St. Louis EEOC office on or about January 26, 2017, and that it was received that same day.

52.     On or about February 17, 2017, Plaintiff received an email from Omar Chung in the St. Louis EEOC office stating that his intake paperwork was received on January 26.

53.     Approximately one (1) to two (2) weeks later, Plaintiff was confronted by Defendant Klaers at work about his EEOC complaint.

54.     Specifically, Defendant Klaers told Plaintiff that he was aware Plaintiff had spoken with the EEOC, and that

55.     On or about February 12, 2016, a customer of Defendant CPI's Galleria location that previously harassed Plaintiff by calling him a racist took a picture of Plaintiff while he was at work, and posted the photo of Plaintiff on Facebook along with the following message:

Electronically Filed - St. Louis County - July 26, 2017 - 03:47 PM

"DON'T EVER BUY A MUTHAFUCKA COOKIE FROM THIS FAT FUCK [*referencing the photograph of Plaintiff*]!! Great American Cookies St. Louis Galleria [*tagging of Facebook page*] was in line at American cookie. One person in front of me was getting waited on, there was a white lady who just walked up behind me. The owner came up to the counter and told the lady behind me he could wait on her. I said I'm next, he said well she is almost done (The cashier) she can wait on you! I said BUT I'M NEXT!! Once again he said the same thing! I put my money BACK IN my purse and asked to speak to the manager, he said I am the manager. I said I need to talk to the OWNER! he said I am the OWNER. I asked the cashier if he was the owner and she said yes! (Poor girl looked like she was employed by a monster) I told him what kind of FUCK BOY is this shit!!! We went back and forth until I pulled out my phone and took and picture and he posed for me!"

56.     After the aforementioned customer took a photograph of Plaintiff, she was reported to Galleria security officers for being extremely vulgar and disruptive.

57.     The aforementioned Facebook post and photograph "tagged" the Facebook page of Defendant CPI's Galleria store titled "Great American Cookies St. Louis Galleria."

58.     In response to the customer's vulgar post that is quoted above, Plaintiff politely responded to the post and stated the customer was reported to Galleria security officers for "disrupting the peace." In his reply, Plaintiff posted a "screenshot" of the customer's post that was originally posted on her personal Facebook page.

59.     On or about February 17, 2017, Plaintiff received an email from Omar Chung in the St. Louis EEOC office stating that his intake paperwork was received on January 26.

60.     Approximately one (1) to two (2) weeks later, Plaintiff was confronted by Defendant Klaers at work about his EEOC complaint.

61.     Specifically, Defendant Klaers told Plaintiff that he was aware Plaintiff had spoken with the EEOC, and pressed Plaintiff for further information about his complaint.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

During this conversation, Defendant Klaers also asked Plaintiff to deactivate the Facebook page that Plaintiff previously created for Defendant CPI's Galleria location.

62.     Plaintiff deactivated the Facebook page as requested by Defendant Klaers.

63.     Plaintiff also told Defendant Klaers that he was not going to discuss his EEOC complaint with him, and Defendant Klaers became extremely angry and verbally hostile towards Plaintiff.

64.     Plaintiff is under information and belief that he was asked to deactivate the Facebook page he created for the Galleria location because Defendant CPI wanted to conceal and/or destroy information that was pertinent to Plaintiff's complaint he made to the EEOC.

65.     Specifically, Plaintiff's polite response to the aforementioned customer's vulgar post can no longer be viewed.

66.     On or about February 29, 2016, Plaintiff emailed Sean Oliveira in the St. Louis EEOC office to tell him he was being harassed at work about the complaint he filed with the EEOC.

67.     The very next day, on or about March 1, 2016, Plaintiff was terminated from his employment by Defendant Klaers.

68.     On or about March 2, 2017, Plaintiff visited the St. Louis EEOC office and told Oliveira that he had been terminated from his employment with Defendant CPI.

69.     Oliveira informed Plaintiff that Defendant CPI was made aware of Plaintiff's complaint approximately two (2) weeks prior to Plaintiff's termination, which explains how Defendant Klaers was aware of Plaintiff's complaint.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

70.     Oliveira helped Plaintiff file his charge with the EEOC and MCHR on that same day.

71.     Plaintiff's "Termination Notice" from Defendant CPI stated he was being terminated for how he handled the aforementioned vulgar Facebook post, despite that incident happening more than two (2) weeks prior.

72.     Plaintiff is under information and belief that Currier, Defendant Klaers, and Defendant CPI never took any meaningful actions to remedy the wage disparity in starting pay between him and other female store managers.

73.     Plaintiff is under information and belief that Defendant Klaers and Defendant CPI never took any meaningful actions to remedy the racially based discrimination and harassment that he and other Caucasian employees at Defendant CPI's Galleria location were subjected to.

74.     Plaintiff is under information and belief that his termination from Defendant CPI was in retaliation for engaging in the protected activities of repeatedly trying to address gender and race discrimination within the company, and filing a complaint with the EEOC regarding the discrimination and harassment he was experiencing during his employment with Defendant CPI.

### COUNT I
### RACE DISCRIMINATION: HOSTILE WORK ENVIRONMENT
#### *Violation under RSMo. § 213.010 et seq.*

75.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

76.     Plaintiff, by virtue of his Caucasian race, is a member of a class of persons protected by the Missouri Human Rights Act, RSMo. § 213.010 *et seq.*

77.     During the course of Plaintiff's employment with Defendant CPI, Plaintiff was subjected to severe and unwelcome conduct based on Plaintiff's Caucasian race, including, but not limited to, that contained within this Petition.

78.     At all times, the racially-offensive, -harassing, and -discriminatory conduct was severe, unwelcome, and objected to by Plaintiff. Nonetheless, Defendants did not remedy the conduct.

79.     The racially-offensive, -harassing, and -discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

80.     At the time the racially-offensive, -harassing, and -discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and/or abusive. The conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant CPI.

81.     Defendant CPI knew or should have known of the racially-offensive, -harassing, and -discriminatory conduct, as Plaintiff had voiced his concerns regarding the same with Currier and Defendant Klaers numerous times.

82.     Defendant CPI failed to exercise reasonable care to prevent and promptly correct the racially-offensive, -harassing, and -discriminatory conduct, including, but not limited to, one or both of the following:

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

    a. Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including racial harassment and discrimination; and/or

    b. Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the MHRA.

83.    Race was a contributing factor in Defendants' disparate treatment of Plaintiff.

84.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of Plaintiff's race, in violation of RSMo. § 213.055 – at the hands of Defendants during the course of Plaintiff's employment.

85.    As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

86.    As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other non-medical bill related compensatory damages.

87.    By failing to take prompt and effective remedial action, Defendant CPI, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

88.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

89.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT II
## RACE DISCRIMINATION: TANGIBLE EMPLOYMENT ACTION
### Violation under RSMo. § 213.010 et seq.

90.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

91.     Plaintiff was subjected to tangible employment actions including, but not limited to, termination from his employment.

92.     Plaintiff's Caucasian race was a contributing factor in suffering the tangible employment actions.

93.     As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of Plaintiff's race, in violation of RSMo. § 213.055 – at the hands of Defendants during the course of Plaintiff's employment.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

94.     As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

95.     As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other non-medical bill related compensatory damages.

96.     By failing to take prompt and effective remedial action, Defendant CPI, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

97.     As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others from like conduct in the future.

98.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest; as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

## COUNT III
## RACE DISCRIMINATION: RETALIATION
### Violation under *RSMo. § 213.010 et seq.*

99.    The allegations contained within the aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

100.    As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, attempting to address his concerns of race discrimination and harassment within the company numerous times and filing a complaint with the EEOC regarding the same prior to his termination.

101.    As a result of engaging in said protected activities, Plaintiff has suffered – and continues to suffer – adverse employment actions, as alleged in this Petition, including, but not limited to, termination from his employment.

102.    Plaintiff's reporting of and voicing his displeasure regarding the racially based discrimination and harassment that he was subjected to was a contributing factor in suffering adverse employment actions.

103.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of Plaintiff's Caucasian race, in violation of RSMo. § 213.055 – at the hands of Defendants during the course of his employment.

104.    As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

105.    As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer – garden variety emotional distress and other non-medical bill related compensatory damages.

106.    By failing to take prompt and effective remedial action, Defendant CPI, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

107.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter it and others from like conduct in the future.

108.    Plaintiff is entitled to recover reasonable attorney's fees from Defendants, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorney's fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IV
## GENDER DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### *Violation under RSMo. § 213.010 et seq*

109.    The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

110.   Plaintiff, by virtue of his male gender, is a member of a class of persons protected by the Missouri Human Rights Act, RSMo. § 213.010 *et seq.*

111.   During the course of Plaintiff's employment with Defendant CPI, Plaintiff was subjected to severe and unwelcome conduct based on Plaintiff's gender, including, but not limited to, that contained within this Petition.

112.   At all times, the gender-offensive, -harassing, and -discriminatory conduct was severe, unwelcome, and objected to by Plaintiff. Nonetheless, Defendants did not remedy the conduct.

113.   The gender-offensive, -harassing, and -discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

114.   At the time the gender-offensive, -harassing, and -discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and/or abusive. The conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant CPI.

115.   Defendant CPI knew or should have known of the gender-offensive, -harassing, and -discriminatory conduct, as Plaintiff had voiced his concerns regarding the disparity in starting pay between him and female store managers with Currier, Defendant Klaers, and corporate employees numerous times.

116.   Defendant CPI failed to exercise reasonable care to prevent and promptly correct the gender-offensive, -harassing, and -discriminatory conduct, including, but not limited to, one or both of the following:

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

a.  Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including gender based harassment and discrimination; and/or

b.  Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the MHRA.

117.   Gender was a contributing factor in Defendants' disparate treatment of Plaintiff.

118.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of Plaintiff's gender, in violation of RSMo. § 213.055 – at the hands of Defendants during the course of Plaintiff's employment.

119.   As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

120.    As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other non-medical bill related compensatory damages.

121.   By failing to take prompt and effective remedial action, Defendant CPI, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

122.   As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future.

123.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

**COUNT IV**
**GENDER DISCRIMINATION: TANGIBLE EMPLOYMENT ACTION**
***Violation under RSMo. § 213.010 et seq.***

124.    The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

125.    Plaintiff was subjected to tangible employment actions including, but not limited to, termination from his employment.

126.    Plaintiff's gender was a contributing factor in suffering the tangible employment actions.

127.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his gender, in violation of RSMo. § 213.055 – at the hands of Defendants during the course of his employment.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

128.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

129.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other related compensatory damages.

130.    By failing to take prompt and effective remedial action, Defendant CPI, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

131.    As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

132.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

## COUNT V
## GENDER DISCRIMINATION: RETALIATION
### *Violation under RSMo. § 213.010 et seq.*

133.   The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

134.   As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, complaining about the disparity in starting pay numerous times to Currier, Defendant Klaers, and corporate employees of Defendant CPI.  Plaintiff also engaged in the protected activity of filing a complaint with the EEOC regarding the same.

135.   As a result of engaging in said protected activities, Plaintiff has suffered – and continues to suffer – adverse employment actions, as alleged in this Petition, including, but not limited to, his termination from employment.

136.   Plaintiff's reporting of unequal starting compensation for store managers to employees of Defendant CPI and the EEOC was a contributing factor in suffering the adverse employment actions.

137.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his gender, in violation of RSMo. § 213.055 – at the hands of Defendant during the course of his employment.

138.   As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

139.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other related compensatory damages.

140.     By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

141.     As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

142.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in RSMo. § 213.111.2.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ Jeremy D. Hollingshead
Jeremy D. Hollingshead   #60447
7777 Bonhomme Avenue, Suite 2401
Saint Louis, Missouri 63105
Telephone:   (314) 480-5474
Facsimile:    (314) 594-0825
Email:         jhollingshead@hdtriallawyers.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

17SL-CC02688



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| ERIC R. GREITENS | ANNA S. HUI | SARA NELL LAMPE | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | ACTING DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

FE-3/16-25446   Administrative Use Records.

Levi A. Lancaster
6212 Leoo Drive
Belleville, IL 62223

RE:   Lancaster vs. The Cookie Place
      FE-3/16-25446   560-2016-00721

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. This complaint was being initially processed by the EEOC and MCHR has not been notified of their determination. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

Respectfully,

Alisa Warren, Ph.D.                        April 28, 2017
Executive Director                         Date

The Cookie Place                           Jeremy D. Hollingshead
1495 St. Louis Galleria                    7777 Bonhomme Ave., Ste 2401
St. Louis, MO 63117                        St. Louis, MO 63105
                                           *Via email*

| ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 417-485-6024 | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | PHONE: 573-472-5321 |
| FAX: 573-751-2905 | | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY   1-800-735-2966 (TDD)   Relay Missouri 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

17SL-CC02688

EXHIBIT

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agen... |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 560-2016-00721 |

|  | **Missouri Commission On Human Rights** | and EEOC |
|---|---|---|
|  | *State or local Agency, if any* |  |

| Name *(Indicate Mr., Ms., Mrs.)* **Mr. Levi A. Lancaster** | Home Phone *(Incl. Area Code)* **618-709-9502** | Date of Birth |
|---|---|---|

Street Address **6212 Lego Drive, Belleville, IL 62223**    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name **THE COOKIE PLACE** | No. Employees, Members **500 or More** | Phone No. *(Include Area Code)* **(314) 862-7282** |
|---|---|---|

Street Address **1495 St. Louis Galleria, Saint Louis, MO 63117**    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

Street Address    City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **05-01-2015**   Latest **03-01-2016** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Caucasian Male who has participated in numerous protected activities. I was hired as a General Store Manager for Respondent who owns 60 Franchises nationwide and 5 in the Missouri/St. Louis area. I was originally hired to run the Fairview Heights Store and later took over the St. Louis, Galleria store. My original Regional Manager was Steve Currier and he later changed regions and Adam Klaers became the new Regional Manager in December of 2015. The Director of Operations was David Estess, but he left the company in or around January and the Vice President is Ron Faust. I always had excellent job performance.

1) In or around May 2015 I discovered that the female store manager that I was training was hired at approximately $2500 more than I was hired just six months prior. I complained about this and was eventually told that I would receive additional money for moving to the St. Louis store as well as additional opportunities. Those opportunities never surfaced.

2) When I came to the Galleria store I discovered that much of its previous operations were against store policy (e.g., trading product with others who worked in the mall). When myself and staff attempted to enforce the rules we were often harassed, due to our race, and called 'racists.' We complained about this and asked for cameras and nothing was done. Thus, the harassment continued.

3) In September I trained two female managers and discovered that they were also hired at larger rates than myself, including one who was hired at $4000 more than what I was currently making. I complained and again I was told I was being groomed for a higher job.

4) In December I complained again to Adam Klaers and the whole corporation that I was being paid less. I also complained because Mr. Klaers had attempted to have me fire an employee because he was "too old" and I refused to do so. Mr. Estess gave me a raise of $1500 and talked to me about the higher management job, but that never came to fruition. Instead he left the company and Mr. Klaers began to attempt to fire me.

5) I was then disciplined numerous times, despite having just been given a raise, and put on an action plan. In addition, after a person called me a racist and posted it on our social media site (further harassment), rather than protect me or my coworkers, Mr. Klaers brought up my EEOC charge and asked me questions about it in a loud and argumentative manner. I declined to comment.

6) I was then terminated on March 1, 2016 for allegedly violating company policies.

This is discrimination, retaliation and harassment due to my race, gender and participation in protected activities and is in violation of the Equal Pay, Title VII of the Civil Rights and the Age Discrimination in Employment Acts, all as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Mar 02, 2016** <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**17SL-CC02688**

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Levi Lancaster
_____
Plaintiff/Petitioner

July 26, 2017
_____
Date

vs.

_____
Case Number

The Cookie Place, Inc.
_____
Defendant/Respondent

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff _____, pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Christin Hagler                825 Grant Park Court, Foristell, MO 63348          (314) 809-7508
Name of Process Server         Address                                          Telephone

_____
Name of Process Server         Address or in the Alternative                    Telephone

_____
Name of Process Server         Address or in the Alternative                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:

The Cookie Place, Inc.                          _____
Name                                            Name

120 South Central Avenue                        _____
Address                                         Address

Clayton, Missouri 63105                         _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Adam Klaers                                     _____
Name                                            Name

1495 St. Louis Galleria                         _____
Address                                         Address

Saint Louis, Missouri 63117                     _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

/s/ Jeremy D. Hollingshead
_____
Attorney/Plaintiff/Petitioner

60447
_____
Bar No.

By _____
          Deputy Clerk

7777 Bonhomme Ave., Ste. 2401, St. Louis, MO 63105
Address

(314) 480-5474          (314) 594-0825
_____
Phone No.                              Fax No.

_____
Date

CCADM62-WS    Rev. 03/14

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS      Rev. 03/14

17SL-CC02688

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

Levi Lancaster
_____
Plaintiff/Petitioner

July 26, 2017
_____
Date

_____
Case Number

vs.

The Cookie Place, Inc.
_____
Defendant/Respondent

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff _____ , pursuant
                      Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Christin Hagler                    825 Grant Park Court, Foristell, MO 63348            (314) 809-7508
Name of Process Server             Address                                             Telephone

_____          _____                _____
Name of Process Server             Address or in the Alternative                      Telephone

_____          _____                _____
Name of Process Server             Address or in the Alternative                      Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:

The Cookie Place, Inc.                              _____
Name                                                Name
120 South Central Avenue                            _____
Address                                             Address
Clayton, Missouri 63105                             _____
City/State/Zip                                       City/State/Zip

SERVE:                                              SERVE:

Adam Klaers                                         _____
Name                                                Name
1495 St. Louis Galleria                             _____
Address                                             Address
Saint Louis, Missouri 63117                         _____
City/State/Zip                                       City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                     /s/ Jeremy D. Hollingshead
                                                    _____
                                                    Attorney/Plaintiff/Petitioner
                                                    60447
By   /s/ LaKrisha Gardner                           _____
_____                   Bar No.
      Deputy Clerk                                  7777 Bonhomme Ave., Ste. 2401, St. Louis, MO 63105
                                                    Address
         8/1/2017                                   (314) 480-5474          (314) 594-0825
_____                   _____
Date                                                Phone No.                  Fax No.

CCADM62-WS   Rev. 03/14

Electronically Filed - St Louis County - July 26, 2017 - 03:47 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN SUE LEVY | **Case Number:  17SL-CC02688** |
| Plaintiff/Petitioner:<br>LEVI LANCASTER | Plaintiff's/Petitioner's Attorney/Address<br>JEREMY DANIEL HOLLINGSHEAD<br>7777 BONHOMME AVE<br>SUITE 2401<br>ST LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br> THE COOKIE PLACE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  ADAM KLAERS**
　　　　　　　　　　　　　　**Alias:**

**1495 ST. LOUIS GALLERIA**
**SAINT LOUIS, MO  63117**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

　　　　　**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
　　　　　**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>01-AUG-2017</u>
**Date**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Clerk**

**Further Information:**
**LNG**

---

**Sheriff's or Server's Return**

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　　　_____
　　　Printed Name of Sheriff or Server　　　　　　　　　　　　　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____　　　_____
　　　　　　　　　　　　　　　　　　　Date　　　　　　　　　　　　　　　Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-6030**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN SUE LEVY | **Case Number:  17SL-CC02688** |
| Plaintiff/Petitioner:<br>LEVI LANCASTER | Plaintiff's/Petitioner's Attorney/Address<br>JEREMY DANIEL HOLLINGSHEAD<br>7777 BONHOMME AVE<br>SUITE 2401<br>ST LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br> THE COOKIE PLACE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  ADAM KLAERS**
                              **Alias:**

**1495 ST. LOUIS GALLERIA**
**SAINT LOUIS, MO  63117**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
      **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>01-AUG-2017</u>
**Date**

                                      **Clerk**

**Further Information:**
**LNG**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
         Printed Name of Sheriff or Server                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                               Date                       Notary Public

---

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-6030**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - August 03, 2017 - 03:49 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELLEN SUE LEVY | Case Number: 17SL-CC02688 |
| Plaintiff/Petitioner:<br>LEVI LANCASTER | Plaintiff's/Petitioner's Attorney/Address<br>JEREMY DANIEL HOLLINGSHEAD<br>7777 BONHOMME AVE<br>SUITE 2401<br>ST LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>THE COOKIE PLACE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: THE COOKIE PLACE, INC.<br>Alias: | |
| 120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| *COURT SEAL OF*<br><br>*ST. LOUIS COUNTY* | You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.<br><br>SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY 314-615-4567, at least three business days in advance of the court proceeding. |

01-AUG-2017          _Jean T. Silvey_
**Date**                    **Clerk**

**Further Information:**
LNG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Bonnie Carr_ (name) _Intake Specialist_ (title).

☐ other _____

Served at _120 S. Central Ave   Clayton MO 63105_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _Aug 3 21_ (date) at _1.06_ (time).

_Christin Hager_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _8-3-17_ (date)

My commission expires: _03/12/2019_
Date                                        Notary Public


AUTUMN NICOLE INGOLDSBY
Notary Public - Notary Seal
State of Missouri, Lincoln County
Commission Number 15633004
My Commission Expires Mar 12, 2019

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-6029**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - August 03, 2017 - 03:49 PM

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC)  *For Court Use Only:* **Document ID# 17-SMCC-6029**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



Electronically Filed - St Louis County - August 03, 2017 - 03:49 PM

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN SUE LEVY | Case Number: 17SL-CC02688 |
| Plaintiff/Petitioner:<br>LEVI LANCASTER | Plaintiff's/Petitioner's Attorney/Address<br>JEREMY DANIEL HOLLINGSHEAD<br>7777 BONHOMME AVE<br>SUITE 2401<br>ST LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>THE COOKIE PLACE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to: ADAM KLAERS**
**Alias:**

1495 ST. LOUIS GALLERIA
SAINT LOUIS, MO 63117

*COURT SEAL OF*



ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

01-AUG-2017
Date

_____ Clerk

Further Information:
LNG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to Carrie (name) Sales Associate (title).

☐ other _____

Served at 1495 St. Louis Galleria, St. Louis MO 63117 (address)
in St. Louis (County/City of St. Louis), MO, on Aug. 3, 2017 (date) at 1:20 (time).

AUGW
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 8.3.17 (date)

My commission expires: 05/12/2019
Date

_____
Notary Public

AUTUMN NICOLE INGOLD
Notary Public - Notary Seal
State of Missouri, Lincoln County
Commission Number 15633004
My Commission Expires Mar 12, 2019

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $_____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-6030**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St. Louis County - August 03, 2017 - 03:49 PM

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-6030**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - August 03, 2017 - 03:49 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **LEVI LANCASTER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.      17SL-CC02688 |
| v. | ) | |
| | ) | |
| **THE COOKIE PLACE, INC., et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

COMES NOW, Plaintiff, by and through counsel, and hereby certifies that a true and accurate copy of the following were hand delivered to all counsel of record via Special Process Server the 3rd day of August, 2017.

1. Plaintiff's First Interrogatories to Defendant The Cookie Place, Inc.;
2. Plaintiff's First Interrogatories to Defendant Adam Klaers;
3. Plaintiff's First Request for Production of Documents to Defendant The Cookie Place, Inc.;
4. Plaintiff's First Request for Production of Documents to Defendant Adam Klaers.

Compliant with the Missouri Rules of Civil Procedure, a copy was delivered in Microsoft Word Format.

Electronically Filed - St Louis County - August 03, 2017 - 03:49 PM

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ *Jeremy Hollingshead*
Jeremy D. Hollingshead   #60447
7777 Bonhomme Avenue, Suite 2401
Saint Louis, Missouri  63105
Telephone:   (314) 480-5474
Facsimile:    (314) 594-0825
Email: jhollingshead@hdtriallawyers.com

ATTORNEY FOR PLAINTIFF